## PERKINS *v.* GRANT et al.

*Without the express authority of his client, an attorney at law can receive nothing but money in satisfaction of a judgment belonging to the former.*

APPEAL from the District Court of West Feliciana, *Boyle*, J.
*Ratliff* and *Cowgill*, for the appellant. *Ivor*, for the defendants, cited 3 Robinson, 278. The judgment of the court was pronounced by

KING, J. *Grant* and *Barton*, two of the defendants in this action, obtained a judgment against *Row* and others, and, in virtue of an execution issued under it, a twelve months' bond was taken, which was seized by the present plaintiff. At the maturity of the bond, the property originally sold was seized, and adjudicated, for $125, to *Dalton*, the attorney of the present defendants, who were the plaintiffs in execution, under the agreement that *Dalton* should convey the land to one *Fisher*, that the latter should assume the payment of the judgment, and that the parties to the bond should be discharged. *Dalton* subsequently died. After the lapse of about a year, an *alias fi. fa.* was issued on the bond,

<div style="float:right">PERKINS<br>v.<br>GRANT.</div>

against the present plaintiff, who enjoined the writ, alleging that the judgment had been extinguished by the agreement of *Dalton*, which it is contended the present defendants acquiesced in and ratified, by their silence and inaction for more than twelve months. It is further urged that the defendants are bound in good faith, to place the plaintiff in his original position in regard to the land. The injunction was dissolved in the court below, with damages, and the plaintiff has appealed.

The defendants disavow the act of *Dalton*, and it has not been shown that the latter was authorized to enter into the agreement to receive the land, or to take the responsibility of *Fisher* in satisfaction of the judgment, nor that they ever, in any manner, assented to it. It does not appear that they were aware of the agreement, nor is any other circumstance shown from which a ratification of the attorney's act can be inferred. Without such authority, or a subsequent ratification, it is clear that the defendants are not bound by his act. An attorney can receive nothing but money in satisfaction of his client's judgment, without the express assent of the latter. If the plaintiff has a remedy, it is not against the defendants in this suit, but against other parties.          *Judgment affirmed.*