GARY v. LANDRY.

---

(47 South. 124.)

No. 16,671.

GARY et al. v. LANDRY.

(June 22, 1908. Second Rehearing Denied June 29, 1908.)

1. TUTORSHIP AND MINORS—FRAUD—ESTOPPEL.

One of the plaintiffs connived with the purchaser of the property to the end of serving his own interest to the detriment of his children, who joined him in this suit.

He (this plaintiff) was the owner of one half of the property; his children were the owners of the other half.

2. PRESCRIPTION—HOSTILE CHARACTER—GOOD FAITH.

Because of his agreement and improper and illegal acts he cannot be heard to claim and recover the half of the property. With his consent and in accordance with his combination, it has been transferred, and as to the half he is not in a position to ask to be reinstated as owner.

3. SAME.

It is different as to the children and heirs. They were minors; the property in so far as they were concerned should have been disposed of in accordance with the terms of the law. It was not so disposed of.

4. SALE BY TUTOR.

The price was not paid. There was only a pretense of payment.

5. SAME.

He knew as to one-half he was buying the interest of minors. He knew that the promissory note he returned in asserted payment of the price was not due by the community; that it was due by the husband personally, and that in consequence there was no price.

6. SAME.

The legal representative of minors is not free to dispose of the interest of minors as if his own. To the extent that he thereby disposes of his own he is bound; to the extent that he attempted to dispose of the interest of the minors, the minors are not bound, and the property reverts to them. The half of the property is subject to any indebtedness of the minors, if there are any debts.

The other half is in the same category.

If the defendant as purchaser has any rights, such as claimed in reconvention, they are reserved.

Provosty, J., dissenting in part.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge ad hoc.

Action by Charles Gary, Sr., and others against Paulin Landry. Judgment for defendant, and plaintiffs appeal. On rehearing. Former opinion withdrawn. Reversed and rendered.

Lionel Alfred Goudeau, for appellants. Cline & Cline, for appellee.

BREAUX, C. J. This is an action to have a sale annulled of property owned by the community existing between Charles Gary, Sr., and his late wife, Euphrosine Landry.

The plaintiffs are Gary, Sr., and his children, who are all of age.

After the death of the wife an inventory was taken. Gary, Sr., the surviving husband, qualified as natural tutor of his minor children.

Four of them were minors and three were of age in the year 1896, at the time that he qualified as their tutor.

In the year 1897, plaintiff, Gary, filed a petition for the sale of personal property of the community and of a tract of land. He alleges that the sale was necessary to pay the debts and charges of the succession.

The property was sold on February 20, 1897, at public auction.

This is the sale that plaintiff attacks and attempts to set aside.

The contention of plaintiffs—that is, of Gary, Sr., and his children—is that one Paulin Landry, who bought the land and part of the movable property, had been one of the appraisers of this community property at the

inventory taken; that the property was not appraised at its value but at very much less. Again, that the property was bought by Landry as a party interposed from Gary, Sr.; that the said buyer made this fact known in order thereby to dissuade bidders from bidding on the property.

These plaintiffs charge that the sale was a fraud and a conspiracy set on foot to defeat their rights.

The defense is, on the other hand, that the land in question was bought by defendant, Paulin Landry, in utmost good faith; that it was paid for by turning over a promissory note for the property. Defendant further contended that Gary, Sr., could not set aside his own acts; that he is estopped from pleading his own wrongs.

Defendant averred that he bought movable property which he afterward sold to Gary, Sr., but as to the immovable which he bought, he went into possession, and has been in possession over 10 years.

In case of his eviction he claims the price paid by him and the value of his improvements.

At the outset, we will state that the claims of Gary, Sr., one of the plaintiffs, will be decided independently and separately from those urged by the other plaintiffs.

He (Gary, Sr.), at any rate, is concluded from claiming any right as owner of any part of the land. Taking the facts as he alleges them, such is their nature that he cannot be allowed to reap profit from them. As alleged by plaintiffs in their petition, they present a case of violation of law on the part of a parent and tutor who sought to benefit himself, according to their allegations, by illegally disposing of the property. It should not lie in the power of an owner, who thus seeks to dispose of property for his own undue advantage, afterward to present grounds to set aside a sale made at his instance in order to carry out a wrong. He is certainly bound by his own acts. He offered this property for sale. It was bought by defendant who went into possession and has remained in possession to this date.

The counsel for plaintiffs, as relates to Gary, Sr., does not directly gainsay the position just stated, but urges that there are debts of the community and that if the sale is sustained in so far as relates to this plaintiff, Gary, Sr., the heirs will have to pay the debts of the community, and that he, who until its dissolution was its head and master, would be relieved from the payment of the debts due by him.

We can only say that he remains indebted for the half of the community. The property as to him having passed out of his possession and ownership cannot be brought back on the allegations made in plaintiffs' petition. The property has passed out of the plaintiffs. This is not an action by creditors. The heirs have joined their father, Gary, Sr., in this suit. They have assisted him in his attempt to set aside the sale in so far as he is concerned. They cannot relieve him. He is concluded and must remain concluded in so far as he is concerned. The heirs also are concluded to the extent that he is concerned, and to that extent his and their rights through him cannot be enlarged. The maxim is: Heres est alter ipse et filius est pars patris. Translated: The heir is another self, and as to a right through him a son is part of the father.

These parties have joined in a common cause to the extent before mentioned, and to that extent they are concluded. The heirs, Marie, Modest, Augustine, Azalie, John, and Charles Gary—that is, all the children of Euphrosine Landry—have another right which comes directly to them by inheritance from their mother, Euphrosine Landry, wife of Gary, Sr. The ownership of one-half of the property claimed by them in this petition was not conveyed to Paulin Landry.

The following are our reasons for thus holding:

Paulin Landry did not pay the price of one-half of the property. We have seen that for the price he returned to Gary, Sr., the promissory note due by him to Gary as maker for an amount which he had received after the death of his (Gary's) wife. It follows that the amount of this note was not an indebtedness of the community and could not constitute the price in so far as the heirs had an interest in the property. The purchaser, Paulin Landry, was aware of that fact. One of the makers of the note and the other as the holder had agreed before the note was executed to antedate it in order to give it an appearance as a note being due by the community. On oath Paulin Landry averred the truth, and his averment showed that the amount was not due by the community as it represented an amount borrowed by Gary after the death of his wife, and, therefore, after the dissolution of the community. He cannot plead ignorance of the fact stated. No one was better aware of it that he was. He cannot claim to have been in good faith and can find no support in a prescription of 10 years, which requires, as relates to land titles, title and good faith.

There was no price and, consequently, no title. Rocques' Heirs v. Levecques' Heirs, 110 La. 306, 34 South. 454.

It amounted to an in fraudem legis act. Perkins v. Grant, 2 La. Ann. 328; Ganseford v. Dutillet, 1 Mart. (N. S.) 288; Gayoso de Lemos v. Garcia, 1 Mart. (N. S.) 339; Levy v. Canal Co., 34 La. Ann. 180; Thibodeaux v. Thibodeaux, 112 La. 906, 36 South. 800.

The prescription of five years, the other prescription pleaded here:

That prescription relates to form. It is about equivalent to the functions of a monition. In no event does it cure nullities as absolute as the want of payment of any price at all and the disposition of minor's property entirely contrary to the requirements of law.

122 LA.—2

The tutor cannot barter away the rights of his wards in his own interest. The purchaser who connived with the tutor can find no support in the five-year prescription.

The sale as to one-half of the property was null.

The next position taken on behalf of these heirs was that no part of the property can be returned to the succession although it is still under administration.

The proposition presents no issue in this case. One-half of the property has passed out of the estate. It was owned by Gary, Sr., survivor in the community. It is now owned by Paulin Landry. If Gary has creditors they must find a way, if there be any, to compel him to pay.

As to the other one-half of the property, it belongs to the said heirs. They are entitled to possession. If there are debts due by them they can, we presume, be made to pay them. There is nothing before us to decide as relates to that issue. We only decide that they are entitled to one-half of the property and to its possession. The issues as presented justify us in setting that question at rest.

The defendant, Paulin Landry, asked for the amounts he claimed and for the improvements or their value in case the decision was against him.

We reserve to him his rights if any rights he has.

For the reasons stated and the law and the evidence, it is ordered, adjudged, and decreed that Paulin Landry be, and is hereby, decreed to be the owner of the undivided half of the land described in his petition, and to the extent of that one-half our former decree is reinstated and made the judgment of this court

C. Gary, Sr., shall be taxed one-half the costs of the district court and one-half of the costs of appeal. As relates to the other half of costs in this court and in the district court, it shall be taxed to Paulin Landry.

The judgment of the district court heretofore rendered (as relates to the half going to

the heirs as well as our former judgment as relates to that one-half) are avoided, annulled, and reversed. And it is now ordered, adjudged, and decreed that the heirs of Euphrosine Landry, children of Euphrosine Landry and Charles Gary, Sr., have judgment for and recover the undivided half of the west 160 arpents of the south half of the 400 arpents which the said Charles Gary, Sr., acquired from Merlet et al., described in plaintiff's petition. The sale made to Paulin Landry as to one-half of said tract being null, the rights claimed in reconvention, if said Landry has any rights, are reserved to him.

PROVOSTY, J., dissents.