O’NIELL, J.
This suit was originally instituted by- William II. Moore alone, claiming a third interest in a tract of land sold by his mother, individually and as natural tutrix of her three minor children, issue of her marriage with William H. Moore, Sr., now deceased. The two other children of the marriage, who were living when the suit was filed, were Stewart R. Moore and Bliss Frances Bloore, who is now the wife of J. B. Thomas. Stewart R.. Bloore filed a petition of intervention in the suit, assuming the position of coplaintiff and claiming also a third interest in the property. The interest which BIrs. Frances Bloore Thomas might have claimed when the suit was filed is not in contest.
Judgment was rendered in favor of the defendant in possession of the land, and the plaintiff, William H. Moore, appealed. The intervener, Stewart R. Bloore, who, with his brother, had enlisted in the American Expeditionary Forces, was drowned at sea soon after the judgment was’ rendered; and his mother and sister then became parties to the suit, and, with his brother, appealed from the judgment affecting the interest which they inherited from the deceased.
Appellants William ÍI. Bloore and Blrs. Francos Bloore Thomas contend that the property belonged to the separate estate of their deceased father, not to the marital community between him and their mother. She, of course, is estopped' from claiming that the property belonged to her husband’s separate estate, because she sold it as community property and thereby disposed of whatever interest she had in it.
The defendant Pitre bought the property from James II. Jordan on the 19th of November, 1909; Jordan bought from B. H. Lyons on the 28th of June, 1905; and Lyons bought from plaintiff’s ihother, then BIrs. Fannie E. Bloore, acting individually and as natural tutrix of her minor, children, on the 28th of June, 1905 — that is, on the day on which he sold the property to Jordan. The defendant Pitre called Jordan in warranty to .defend the suit; and the latter answered, adopting the defenses urged by Jordan, and calling Lyons in warranty to defend the suit. The latter did not make an appearance in the case, and it does not appear that a preliminary judgment by default was taken against him.
[1, 2] The ground on which plaintiff and intervener claimed that tile property belonged to the separate estate of their deceased father is that the deed by which he acquired the land from Ms mother shows that the price paid was only $1. Appellants contend that the true consideration or purpose of the transfer .was to convey to William H. Moore, Sr., his share of the estate of his deceased father. The evidence offered to support that averment failed; and it was proven on behalf of defendant that the true consideration for the sale was. what is supposed to have been an adequate price. The mother of William H. Moore, Sr., owed him a considerable sum of money which he had loaned her to perfect a homestead entfy of the land, together with other land. Besides releasing his mother from the debt, William II. Bloore paid her an additional consideration at the time of the sale in a certain cross-tie transaction had between them. This testimony, showing the true consideration for the sale, was admissible, especially as all parties had admitted and averred that the $1 mentioned in the deed was not the true or only consideration. All parties are claiming title under and by virtue of the deed in question. If the true and only consideration had been *915 $1, the transaction would have been, not a sale, but an attempted donation in disguise. Rev. Oiv. Code, art. 2464. As a donation, the transaction would be null because it was made by an act under private signature, whereas the law provides that a donation of real estate can be made only by notarial act. Rev. Oiv. Code, art. 1536. However, the law declares that a contract may be valid although the cause or consideration for making it be not expressed in the act; that what is meant by the cause or consideration of a contract is the motive f6r making it; and that, if the cause or consideration expressed in the act be not the true cause or consideration for making the contract, it shall, nevertheless, be valid, if the party can show that there was a true and sufficient consideration for the contract. Rev. Oiv. Code, arts. 1894, 1S96, and 1900. The defendant in this case has proven that there was a sufficient consideration to make the transaction valid as a contract of sale. Being bought during the marriage, the property belonged to the marital community. Rev. Oiv. Code, art. 2402.
[3, 4] Plaintiff and intervener urged four distinct reasons for' contending that the sale made by the tutrix to B. H. Lyons was null. Their first contention was that their mother was never confirmed as their natural tutrix, The evidence, however, shows that a judgment confirming her as natural tutrix was rendered and filed in the office of the clerk of court, but was lost. The second contention was that the widow of William H. Moore, Sr., had remarried without having been retained in her capacity as natural tutrix, on the advice of a family meeting, and that she had thereby forfeited her right to the tutorship when she made the sale. The evidence shows that she did not remarry until the fall of 1906; that is, more than a year after she had made the sale in question, The third contention is that the proceedings of the family meeting, recommending that the sale should be made, were not approved by a judgment of court. The evidence shows that a judgment was rendered approving the recommendations of the family meeting, and that the judgment was filed in the office of the clerk of court, but was lost. On proof of its loss, another judgment was rendered approving the recommendations of the family meeting, and affirming the loss of the original judgment to that effect, a copy of which subsequent judgment is in the record.
[5] The fourth complaint of appellants is well founded; that is, that the sale of the minor children’s property, which was made, not by public auction, but by conventional act, was not made for the purpose of effecting a partition of the land. The only purpose for which real estate in which a minor child has an interest can be sold at private sale is to effect a partition. Fletcher v. Cavalier, 4 La. 268; Blair v. Dwyer, 110 La. 332, 34 South. 464; Touchy v. Gulf Land Co., 120 La. 545, 45 South. 434, 124 Am. St. Rep. 440. In this case the evidence shows that the tutrix had no thought of demanding or provoking a partition or division of the property which she and her minor children owned jointly. She had an opportunity to sell the property, and, needing the money, requested a notary public to prepare the deed and to do whatever else he deemed necessary to effect a sale. She did not know that it was necessary for her to pretend that the object of the sale was to effect a partition in order to make a conventional sale. She did not even know that a family meeting was necessary to bring about the sale. In fact, having moved out of the parish, she did not know that a family meeting had been held until this suit arose. The notary public, however, knowing that the sale could not be made by conventional act except for the purpose of effecting a ’ partition, alleged in his petition to the court that the tutrix desired to sell the land at private sale, “for cash and *917 for the purpose of effecting a partition, and also for the support and education of her minor children.” And in the procos verbal of the proceedings of the family meeting, which the notary had prepared in advance, the court was advised that the sale should be made “for cash, at private sale, for the purpose of effecting a partition and for the further purpose of raising funds for the support and education of said minors.” It appears that, on the petition of the tutrix, asking the court to order the family meeting, the judge appointed two experts and ordered that they should attend the family meeting, but did not state what their function was. The so-called experts rendered a written report to the family meeting, saying that, “on careful investigation,” they had found that the property could not be “successfuly divided in kind”; that a partition by licitation was the only way that it could be “successfully divided”; and that they had appraised it at $1,000. That is the price for which the sale was made. Although the so-called experts did not give any reason for their opinion, or state any fact upon which they had based the opinion, that the property could not be “successfully divided in kind,” it appears in the proees verbal of the proceedings of the family meeting that the members thereof “carefully considered the two experts’ report touching the condition of the property.”' They might as well have said “touching the pockets of the minor children.” The tutrix, who was not under bond, has not accounted to them for any part of the proceeds of the sale.
It is not necessary to decide whether, if the primary object of the sale had really been to effect a partition of the property, the fact that the sale was made “for the further purpose of raising funds for the support and education of the minors” would have prevented a valid sale being made by private or conventional act. Eor there is no doubt that the only object or purpose of the sale was for the tutrix to get hold of the price. The statement that one of the objects was to effect a partition of the property "was a mere subterfuge.
[6, 7] Our ruling in this case is not to be construed as holding that a person who in good faith buys from a tutor of minor children property that is sold ostensibly for the purpose of effecting a partition is bound- to know that the purpose stated was, in truth, the purpose for making the sale. In the case before us the statement in the petition of the tutrix praying for authority to sell her minor children’s property, which statement was repeated in the proees verbal of the proceedings of the family meeting, that the idea of making a partition was not the only object or purpose of the sale, was enough to arouse the purchaser’s suspicion that the idea of making a partition was not even the primary object of the sale. The deed itself, which the tutrix gave to B. I-I. Lyons, was an act under private signature, which did not mention the object or purpose of the sale, or make mention of the family meeting or show that the tutrix was in any way authorized to sell her children’s property. Even though Lyons may have believed that the tutrix had authority to sell her children’s property, his good faith did not take away their property. Titles to real estate are not like negotiable instruments in that respect.
[8] The interest involved in this suit, as the evidence shows, is not as much as two-thirds of the half interest which the plaintiff and intervener claimed by inheritance from their father in the community property. A posthumous child was born of Mrs. Moore about five months after the death of her husband, and lived only a month. The child had died when the mother qualified as tutrix of her three other children, in preparation for the sale of their property. The posthumous child, having been conceived when the *919 lather died, inherited a fourth of his estate; lliat is, an eighth of the community property. Rev. Civ. Code, art. 29. When the posthumous child died, the mother inherited one-fourth, and the brothers and sister inherited three-fourths, that is, each one-fourth, of the deceased bhild’s eighth interest in the property. Rev. Civ. Code arts. 904 and 911. Therefore, when the mother, individually and as tutrix, sold the property to B. H. Lyons, she owned, not only the half interest which she had acquired by virtue of the marital community, but also the fourth of the eighth iriterest, or Vs2 which she has inherited from her deceased child, making her interest in the property 17/32- Her three other children, namely, William I-I. Moore, Stewart R. Moore, and Mrs. Frances Bloore Thomas, then 'each owned, not only the eighth interest which each had inherited from his or her father, but also the fourth of the eighth, that is, the 1/32 interest, which each had inherited from the posthumous child, making the interest of each of them 5/32- When Stewart R. Bloore died without descendant heirs, his mother inherited %, and his brother and sister inherited together %, that is, each % of" the &/32 interest left by Stewart R. Bloore. Rev. Civ. Code, arts. 904 and 911. The mother therefore, inherited 5/128 interest in the property from her deceased son, Stewart R. Bloore, which interest, added to the i7/32 already owned by her, made her entire interest in the property 7s/i28- The surviving brother, William I-I. Bloore, and the surviving sister, Mrs. Frances Bloore Thomas, each inherited from the deceased Stewart R. Bloore, % of his 5/32 or 15/250 interest in the property, which added to the 5/32 interest already owned by each of them, made the interest of each of them 5 s/2 5 6.
[9] The entire interest of the mother, including the interest which she inherited from ■ her son after she had made the sale, inures to the benefit of the defendant, because, in selling the property, individually and as tutrix, she did not specify what interest she owned individually; and she must make good the title which she conveyed, as far as her interest goes. The entire ss/soo interest owned by William H. Bloore is involved in this appeal, because he appealed from the judgment rendered against him, as well as from the judgment rendered against his brother, now deceased. The only interest that Mrs. Frances Bloore Thomas claims in this appeal is what she inherited from her brother Stewart R. Bloore — that is, 1-5/200 interest in the property. The Vs interest which she inherited ftom her father and the 1/32 which she inherited from the posthumous child, making the o/32 owned by BIrs. Thomas when the judgment was rendered, is not now in contest, because she was not a party to the suit, until she appealed from the judgment rendered against her brother Stewart. The consequence is, that the plaintiff, William I-I. Moore, must be recognized as the owner of 5o/250 interest in the property; Blrs. Frances Bloore Thomas must be recognized as the owner of i5/25G interest hi the property, reserving whatever claim she may have by inheritance from her father and from the posthumous child; and the claim of plaintiff’s mother, as appellant, must be rejected.
[10] Appellants are claiming the rents or revenues of the property at the rate of $1,009 a year from the date of defendant’s purchase; and they contend that he is not entitled to be reimbursed for taxes paid or for any improvements made by him, because, they allege, his possession of the property was not in good faith. Defendant claims compensation for taxes paid on the property and for improvements made by him, to the extent of $4,200; and he disputes the claim for rents or revenues, averring that his possession was in good faith.
Our opinion is that the defendant, possesá *921 ing as owner by virtue of a deed sufficient in terms to have transferred the property if it had belonged to his vendor, and being ignorant of any defect in the title until he was cited to answer this suit, was a possessor in good faith. Rev. Civ. Code, art. 503. As a possessor in good faith, he is not obliged to account for the rents or retenues that accrued before judicial demand was made by this suit, and he is entitled to be reimbursed for the improvements which he has made and for the taxes paid on the property. Rev. Civ. Code, arts. 502 and 3453.
[11] It appears that defendant built eight small houses on the land before this suit was filed, and made some improvements on the house that was there when he bought the land. The eight small houses. were rented for a time at $5 a month and later at $4 a month, each. The other house, with 10 acres of land, was rented .for a time at $20 a month and later at $15 a month. The extent of defendant’s liability for rents or revenues, and of the compensation that may be due him for improvements made and taxes paid on the property, was not adjudged hy the district court; and the evidence in the record does not appear to be sufficient to afford an accurate calculation. We shall therefore remand the case for an adjustment of defendant’s liability for rents or revenues, and of the compensation due him for improvements made and taxes paid on the property, with the instruction that he is to be dealt with as having been a possessor in good faith until cited to answer this suit.
The judgment appealed from is annulled; and it is now ordered, adjudged, and decreed that plaintiff, William IT. Moore, is the owner of = V23 6 interest in the property described in his petition, being S. E. % of N. W. Vt of Sec. 26, in T. 2 N., R. 9 W., containing 40 acres, less s/io of an acre held by the K. C. S. & G. Railway Co., and that appellant Mrs. Frances Mooi-e Thomas is the owner of 15/256 interest in said property, reserving whatever claim she may have had previous to the death of her brother Stewart R. Moore. The claim of the appellant Mrs. W. II. Pugh, formerly Mrs. Fannie E. Moore, is rejected. It is ordered that this case be remanded to the district court for further trial and for an adjudication on the question of defendant’s liability for rents or revenues of the property, and on the question of compensation due him for improvements made and taxes paid on the property, all on the basis of his having been a possessor in good faith, and for an adjudication on the liability of James II. Jordan as warrantor, and on the liability of B. IT. Lyons as warrantor, if he should answer the suit or if a judgment by default be taken against him. The defendant is to pay all costs incurred to date; and the liability for the costs that may be incurred hereafter shall depend upon the final judgment.
MONROE, C. X, and DAWKINS and BAKER, JJ., concur in the decree.
PROVOSTY, X, dissents.