ROGERS, J.
 

 These two, suits • are the sequel to the decision rendered by this court on November 29, 1921, in Moore v. Pitre, 149 La. 910, 90 So. 252. In that decision the respective interests of Columbus Pitre and of the heirs of William H. Moore, Sr., in certain real property were determined, and the case was remanded to the district court for adjudication on the question of Pitre’s liability for rents or revenues and of his compensation for improvements made and taxes paid on the property. Subsequently, these suits were brought for the purpose of obtaining an accounting from Pitre of the rents or revenues of the property and an adjudication of his counterclaim against the heirs of Moore for compensation for improvements made and taxes paid. By agreement the suits were con
 
 *576
 
 solidated, tried together, and a single judgment rendered. In this judgment, Pitre was recognized as the owner of an undivided 14%56 interest, and William H. Moore and Mrs. Frances Moore Thomas were recognized as the owners each of an undivided 5%56 interest, in the land. Pitre was given judgment for $3,223.99, or u%56 of $7,503.15, for improvements, taxes, and insurance paid by him; and Mrs. Thomas and Moore were given judgment each for $1,562.40 or 5%5(j of $7,-274.00, for rents and revenues, with interest. From this judgment Columbus Pitre has appealed.
 

 William H. Moore and Mrs. Frances Moore Thomas have not appealed from the judgment against them, nor have they answered Pitre’s appeal asking for a revision of the judgment. Therefore the only question to be determined by this court is the correctness, vel non, of the judgment on the demand of the appellant for an increase of the award in his favor for improvements made and taxes and insurance paid and a decrease in the award against him for rents and revenues.
 

 There are nine houses on the property— one large house and eight small ones. Pitre erected the eight small houses, which are occupied by negroes, prior to December 1, 1914. He also practically rebuilt the large house, so that it is impossible to assess its worth before it was repaired. The court below found that Pitre received as rent from the large house from December 1914, until the end of 1925, and for the first four months in 1926, a total of $1,844. The court’s finding in this regard is not disputed by the appellant. The court further found that in 1924 and 1925 Pitre derived a revenue of $250 from the .land. This finding is complained of by the appellant on the ground that it is not supported by the evidence. The complaint is without merit, as the record (page 94) affirmatively shows that a portion of the land was cultivated in cotton, in which appellant’s share for the years 1924 and 1925 was equivalent to a rental of $259.
 

 The court below found .that the appellant received from the eight small houses a monthly rental of $30 for the period commencing in December, 1914, and ending December 31, 1925. The court’s computation of the rent so received shows a total of $5,060. Appellant contends that the computation is erroneous. His contention is clearly correct. The period elapsing from December 1, 1914, to January 1, 1926, consisted of 11 years and 2 months, or, say, 133 months. The rental received by Pitre for these 133 months at $30 a month amounted to $3,990, and not $5,060, as calculated by the court below. He also received as rent from these small houses for the first four months in the year 1926 the sum of $120. Pitre’s total receipts of rent for which he is accountable to the date of the trial of this case in the court below were, from the large house, $1,844, from the land, $250, and from the eight small houses, $4,110, or a total of $6,204, and not $7,274, as decreed in the judgment from which he has appealed.
 

 The court below found the value of the improvements placed on the land by Pitre to be $6,836.50. Appellant complains of this finding, contending that the value should be either $8,500, as assessed by the experts appointed in connection with the partition of the property, or $7,091.50, in accordance with certain calculations submitted by him. In addition to the report of the experts for the partition of the property, the court below had before it the opinion and estimates of three experts, who testified on the trial of the case. All of which it considered in arriving at its
 
 *578
 
 conclusion -with respect to the amount that should be awarded appellant for his improvements. We do not see how we can do any better, and think that the finding of the court below does substantial justice between the parties. Appellant was decreed to be entitled to $666.63 for taxes and insurance paid by him. There is no dispute about this item, which appears to he correct.
 

 Appellant further complains of the award of interest on the moneyed judgment against him in favor of Mrs. Thomas and William II. 'Moore. He contends that in their answer to his suit no interest whatever is claimed by the parties. This is correct, but, in her suit, Mrs. Thomas does specifically pray for interest. Therefore she is entitled to interest, though Moore is not. Nor is appellant himself entitled to interest for the same reason that Moore is not, viz., he did not allege or pray that it be allowed.
 

 For the reasons assigned, the judgment appealed from is amended by decreasing the amount thereof in favor of Mrs. Frances Moore Thomas and William H. Moore against Columbus Pitre from of $7,274 each, or the sum of $1,502.40 each, to of $6,204 each, or the sum of $1,332.88 each, with 5 per cent, per annum interest on the amount of the judgment in favor of Mrs. Frances Moore Thomas as it was collected by Columbus Pitre from December 4, 1914, until May 1, 1926, but with no interest on the amount of judgment in favor of William H. Moore, which interest is hereby disallowed. It is further ordered that in all other respects the judgment appealed from be affirmed; the costs of these suits, including the cost of appeal, to he paid out of the proceeds of the sale of the property described in the judgment.
 

 O’NIELL, O. J., absent, takes no part.