## BREEDEN v. BREEDEN et al.
### No. 1131.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

See, also, 12 La. App. 484, 126 So. 599.

R. F. Walker, of Baton Rouge, for appellant.

Laycock & Moyse, of Baton Rouge, for appellees.

MOUTON, Judge.

In October, 1925, Fenn A. Breeden, plaintiff's brother, sold to Mrs. Gabriella Breeden his one-half interest in 160 acres of land, with improvements, situated in the parish of East Baton Rouge.

Plaintiff, alleging that he was a creditor at the time of Fenn A. Breeden for $750, attacks this sale as being a fraudulent simulation, and is asking that it be declared null and of no effect. Alleging that Fenn A. Breeden was a nonresident of this state, plaintiff obtained the issuance of a writ of attachment under which the alleged undivided one-half interest of Fenn A. Breeden in said tract of land was seized by the sheriff.

Mr. Hermann Moyse, attorney at law, was appointed curator ad hoc to represent defendant Fenn A. Breeden. After filing the suit, plaintiff, having ascertained that the other defendant, Mrs. Gabriella Breeden, had left the state and was also a nonresident, obtained the appointment of Mr. Hermann Moyse as curator to represent her in these proceedings, and in whose behalf he filed an exception ratione personæ to the jurisdiction of the court, which was overruled.

Under Code Prac. art. 240, when the debtor resides out of the state, his property may be attached. No exception was filed by the curator to the jurisdiction of the court for Fenn A. Breeden, the other defendant, the alleged debtor, and its jurisdiction, as to him, is not disputed.

The curator relies on the case of West v. Lehmer, 115 La. 213, 38 So. 969, in support of his contention, that the court has no jurisdiction ratione personæ over the defendant Mrs. Gabriella Breeden. In that case the court said its object was to annul a contract between the two defendants whereby one agreed to establish a railroad depot, and that the other had ceded and was obligated to cede certain land in the parish of Red River for right of way, depot, and other purposes.

In that case a judgment by default was taken against the Texas & Pacific Railway Company, and as to it the court said the exception to the jurisdiction ratione personæ was dilatory, which is not allowed after judgment by default. In that case it was therefore found that the plaintiff and the Texas & Pacific Railway Company were lawfully in court, from which counsel for plaintiff contended that the executor of Lehmer, nonresident, could be represented by a curator ad hoc, because the nonresident was a necessary party to the suit between other parties lawfully in court.

In that case the court said no conservatory process was asked from or could properly have been issued by the court. There was no process obtained therein to subject any property to the control of the court.

In the instant case the property was seized under a writ of attachment; plaintiff claiming that the sale being simulated that there

had been no transfer of ownership from his alleged debtor, Fenn A. Breeden, to his purported vendee, Mrs. Gabriella Breeden.

In the case of Dupuy, Curator v. Hunt et al., 2 La. Ann. 562, suit was brought against Robertson and Hunt for $4,000 for the hire of slaves. Judgment was asked against Robertson for the value of the slaves and against Hunt for the slaves or their value. Hunt was residing in the state of Mississippi, for whom a curator ad hoc was appointed. Neither the slaves nor any property of Hunt, says the court, was reached by the process of the court. In passing on the question of jurisdiction urged by the curator, the court said: "If the absentee leaves his property without an administrator or agent, if it be attached at the suit of a creditor, or if an absentee becomes a necessary party to a suit between other persons lawfully in court, in the furtherance of justice the law authorizes a curator to be appointed to represent him. There is then something on which the jurisdiction of the court is based, and the judgment rendered would be within the recognized and ordinary prerogatives of the judicial power."

In the Lehmer Case, 115 La. 213, 38 So. 969, the court said the only issue was as to the legality of the contract between the railway company and Lehmer, a nonresident, and that his succession could not on such a demand be brought into court for lack of jurisdiction. In that case there was no attachment of any property on which the "jurisdiction of the Court could be based," as was remarked in Dupuy, Curator v. Hunt et al., 2 La. Ann. 562, while here the land was attached and came under the control of the court.

In the case of Hill & McGunnegle v. Bowman, 14 La. 445, the court said, in a suit by attachment, the judgment is in rem, and in personam for the balance not covered by the property attached, which, however, was not subsequently approved as being in personam for such balance. Broughton v. King, 2 La. Ann. 571.

It is well settled that, in suits for partition of estates, enforcement of mortgages, liens, or privileges, substituted service is legal, and in actions partaking of proceedings in rem.

This suit which is by attachment partakes of that nature, as we see it, and Mrs. Gabriella Breeden, apparent vendee, being necessarily interested in the solution of the question involving the title to the property seized, the vital and only controverted issue, she was a necessary party between plaintiff and F. A. Breeden, who were lawfully in court. In a case of this character, she was properly brought into court through her curator, Mr. Moyse.

### Merits.

In 1917, plaintiff and his brother, Fenn A. Breeden, bought from their mother, Mrs. R.

K. Scarles Breeden, a tract of land containing 160 acres for $1,500, on which they paid in cash $100 and for the credit portion gave fourteen promissory notes.

It is alleged by plaintiff that he personally paid the entire purchase price of the property; that his brother, Fenn A. Breeden, owes him $750, one-half of the purchase price, and that he had acknowledged his indebtedness therefor.

Fenn A. Breeden in 1919 sold his undivided one-half interest in the land so acquired to his stepmother, Mrs. Gabriella Breeden.

Plaintiff, as the creditor of Fenn A. Breeden, sues for $750, is asking for judgment against him in that amount, also to have the sale to Mrs. Breeden declared null as a fraudulent simulation and to have the one-half interest in the land attached sold under the judgment.

Plaintiff testifies that defendant Fenn A. Breeden was indebted to him for $750, as alleged, and had acknowledged his debt.

▮▮▮▮ In answer to interrogatories propounded to him, Fenn A. Breeden says, "I never owed plaintiff as much as 5 cents, and never told him that I owed him." These interrogatories were taken at the instance of the defendants, but were introduced in evidence by the plaintiff.

"When a party offers a witness on proof of his own cause, he thereby, in general, represents him as worthy of belief," and will not afterwards be permitted to impugn his credibility. Greenleaf, vol. 1, § 442, p. 610.

There are, it is true, exceptions to this rule of evidence, but no such exception is invoked or appears in this case. Plaintiff having introduced the evidence of Fenn A. Breeden without qualification, we must take it that he is a reliable witness. As he flatly denies any indebtedness to plaintiff for any amount or any acknowledgment that he owes him in any amount, it is very doubtful if plaintiff was the creditor of defendant when he instituted this suit and attached the property, or at any time previous or subsequent thereto. It must be shown, in a case of this nature, that plaintiff is, at least, the creditor of the defendant whose property is seized on the ground that the purported transfer thereof is a pure simulation.

▮▮▮ In the sale of Fenn A. Breeden to his stepmother, Mrs. Gabriella Breeden, which is attacked by plaintiff as a simulation, it is therein declared that the transfer of Fenn A. Breeden's one-half interest in the land is made "for a valuable consideration, which the said Fenn A. Breeden has heretofore received."

Counsel for plaintiff contends that there was no price mentioned in the deed and therefore there was no sale. This, no doubt, is the general rule. If, for instance, the sale of a

plantation be for $1, the price is so out of proportion with its value, that the contract is not a sale, but is considered an attempted donation in disguise. Civ. Code, art. 2464.

The true consideration for the contract can, however, be shown. Civ. Code, art. 1900; Moore v. Pitre, 149 La. 910, 90 So. 252.

 Fenn A. Breeden testifies in his answers to the interrogatories and cross-interrogatories that the sale to Mrs. Breeden was genuine, and that he had made it to avoid lawsuits about the succession and to rid himself of any liability for his father's debts. He denies that the sale was fraudulent and to put his property beyond the reach of his creditors. In support of the truth of that statement, he says he was worth $50,000 at the time of the sale, of which there is no contradiction.

The interrogatories propounded to Mrs. Gabriella Breeden, and answers thereto, were also introduced in evidence by plaintiff, who makes no attempt to impeach her reputation for veracity or to attack the credibility of her testimony under any of the exceptions permitted by law in such cases.

Mrs. Breeden testifies that she did not know when she bought the property or before that Fenn A. Breeden, her vendor, was indebted in any amount to plaintiff, Ernest K. Breeden. She says as far as she knew, Fenn A. Breeden was not in debt to plaintiff. Her testimony is that she bought in perfect good faith and with no intention to defraud the plaintiff.

In reference to the consideration for the sale, her testimony is, in substance, that she was entitled to $1,000 from the estate of her late husband, the father of plaintiff and Fenn A. Breeden; that the latter expressed his willingness to transfer his interest in the land if she would assume the debts he might owe as the heir of his father, including funeral expenses, those for his last illness, etc.; that she assumed his share of those debts, which constituted the consideration for the sale made, in perfect good faith and without any intention whatsoever of defrauding the plaintiff, Ernest K. Breeden.

It is true that plaintiff, and in some particulars some of his witnesses who testified during the trial, have contradicted the answers of Fenn A. Breeden and Mrs. Breeden, as appears in the interrogatories and cross-interrogatories which were introduced in evidence by plaintiff. As the testimony to which we have referred was introduced by plaintiff without qualification, as above stated, he must be held as vouching for the credibility of the witnesses who gave that evidence. In such a situation, it would be extremely difficult for this court to say which of the witnesses should be believed or disbelieved.

There is a doubt thrown over the case which it is difficult to overcome, and it must be held that plaintiff has failed to support with legal certainty the complaint upon which he relies for recovery.

The trial judge gave no written reasons for his judgment, and, if any oral, they have not reached us. As he dismissed the suit, we presume he concluded that plaintiff had failed to establish his demand; and in which we find no error.

Judgment affirmed.