KENNON, Judge.
Plaintiffs are the sole heirs of Mrs. Nancy Evans Breland, who died intestate in LaSalle Parish on November 10, 1924. At the.time of her death, her husband, father of plaintiffs, held title to fifty acres of land purchased during the existence of the community between himself and plaintiffs’ mother.
*70 On December 3, 1924, plaintiffs’ father was appointed their natural tutor. On the same day, their father presented a petition to the court requesting authority to sell the fifty acres of land, jointly owned by himself and his minor children, for the purpose of effecting a partition thereof. On the same day an order was signed approving the sale of the minors’ interest for the price of $182.50 cash to C. I. Hum-phries, defendant herein. On the same day their father executed a deed for himself individually and as natural tutor of plaintiffs, conveying the fifty acres of land to Humphries for a recited total consideration of $367.50.
In their petition, plaintiffs allege that the land was not in fact sold to effect a partition, but was deeded by their father to Humphries in payment for an automobile purchased by their father from Humphries for his own use. Plaintiffs further set forth that the purchaser well knew that the land was not being sold to effect a partition, and that the only consideration was the delivery of the automobile to their father; that in fact no consideration was paid for the minors’ interest and that the entire transaction was null insofar as it purported to convey to purchaser, present defendant, the one-half interest inherited by plaintiffs from their mother, and prayed for judgment canceling the deed and declaring plaintiffs to be the owners of an undivided one-half interest in the fifty acre tract described in the petition.
Defendant, after his plea of estoppel and plea of prescription of five years were overruled, filed an answer admitting that plaintiffs on December 3, 1924 were minors and owners of an undivided one-half interest in the property described in the petition, but set forth that he actually paid the full cash consideration recited in the above mentioned deed of December 3, 1924. Defendant denied that he sold an automobile to plaintiffs’ father and natural tutor on that date, asserting however that plaintiffs’ father, on that date, did purchase an automobile from one Dave Nelson with the funds paid by defendant for the land. The answer further recited that the consideration paid was adequate; that defendant had been in possession of the property for more than .ten years and had acquired a prescriptive title thereto. In the alternative, in the event the court should hold plaintiffs to be owners of the one-half interest sued for, defendant prayed for judgment for one-half the taxes paid by him.
The District Court rendered judgment annulling the deed to defendant insofar as it applied to the one-half interest claimed by plaintiffs, and gave defendant judgment for the taxes claimed in his alternative demand. Defendant perfected a suspensive appeal to this Court.
Our conclusion as to the facts disclosed by the record and the law applicable is in accord with the excellent written opinion of the District Court. Plaintiffs’ father, several days prior to the institution of the tutorship proceedings, and the defendant, who was an automobile dealer, entered into negotiations whereby it was mutually agreed that the fifty acres of land herein involved were to be deeded to defendant in exchange for a certain secondhand automobile. In order to effectuate the agreement, an attorney was employed to handle the judicial proceedings necessary to qualify plaintiffs’ father as tutor and to authorize the sale of the minors’ interest. While the order authorized the sale of the land at private sale in order to effect a partition, .the deed was in fact executed and delivered to defendant in exchange for the used automobile. No cash consideration was paid for the minors’ interest. The abstract of inventory of the minors’ property was not recorded.
While .the record shows no intentional wrong on the part of the defendant, who gave in exchange for the fifty acres an automobile considered by him, and by plaintiffs’ father, to represent a substantially equal value, no consideration was in fact paid to the tutor for the benefit of the minors. Defendant well knew prior to, during, and after the sale that the minors’ interest was not in fact being sold for partition, hut was being deeded, along with .their father’s interest, in payment for the price of the automobile delivered to the tutor for his individual use.
*71 The learned District Judge correctly decided that the controlling decision is that of the Supreme Court in the case of Rocques’ Heirs v. Levecque’s Heirs, 110 La. 306, 34 So. 454, 456. In that case the Court said: “The record shows that part of the proceeds of the sale was credited to the tutors personally on account of the buyer, Dr. Levecque. * * * The laws do not contemplate that the property of minors shall be adjudicated in this manner for the payment of the debts of their tutor. The sale is, in our view, a nullity.”
In that case the Court found, as we do here, .that the purchaser was guilty of no intentional wrong. Nevertheless, the rules protecting minor’s property were applied. We quote: “We charge here no intentional wrong of any sort. At the same time, we cannot sustain the sale. The law protecting minors’ property will not permit.”
In the same case the defendants pleaded the prescriptions of five and ten years, as is being done in the case before us. The Supreme Court disposed of these pleas in the following language:
“The prescription of five years, as having had the effect of curing form in the judicial proceedings, has no bearing, we think, upon the issues. These nullities are absolute, and do not fall within the grasp of the prescription of five years.
“The question is one of illegality, and is not limited to a mere matter of form. Defendants pleaded the prescription of ten years. The prescription of ten years is equally as inapplicable and without force here, for the reason that the price to which the minors were entitled has never been paid, and the property was disposed of by the tutors in their own interest, and for payment of a debt which the buyer knew was their (the tutors’) debt personally, and not a debt of the minors.”
In support of his plea of estoppel, defendant has cited the case of Jackson v. United Gas Public Service Co., 196 La. 1, 198 So. 633. An examination of the opinion in that case discloses that the holding was predicated upon the finding of the court that third parties, entitled to rely upon the judicial declarations, had acquired rights in good faith and for a valuable consideration. In the case before us, no third parties are involved.
In the other cases discussed in defendant’s brief, a reading of the opinions discloses that the court in each case found that a fair consideration had been paid and that the cases were decided on points not pertinent to defendant’s contentions in the present case.
Other cases supporting the plaintiffs’ contention here and the Rocques decision, above quoted from, are: Gary v. Landry, 122 La. 29, 47 So. 124 and Moore v. Pitre, 149 La. 910, 90 So. 252.
Plaintiffs have not appealed from the portion of the judgment condemning them to pay .the taxes expended by defendant on their interest in the property sued for.
The judgment appealed from is affirmed, with costs.