ON MOTION TO REMAND AND/OR DISMISS
Before REDMANN, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Mary Louise Hudson, an heir of Augustine Johnson, filed this motion to dismiss and/or remand to the district court the appeal of the First National Bank of Commerce in New Orleans, urging that all issues raised by the appeal are now moot.
The record reflects that an ex parte judgment of possession was signed on July 31, 1972, recognizing Eddie J. Hamilton and Mary Louise Hudson as the sole heirs of the decedent. In this capacity they were placed in possession of Johnson’s savings account, some $4,300 on deposit with the appellant, the First National Bank of Commerce in New Orleans. Upon the refusal of the bank to voluntarily comply with the judgment of possession, a rule was issued to show cause why it should not be compelled to deliver the funds to the designated heirs.
The bank filed an exception to the rule, contending that since it was not a party to the succession proceeding any claim the heirs may have against it could not summarily be asserted by rule but must be pursued by ordinary proceedings. Judgment on the rule was rendered on September 5, 1972, ordering the First National Bank of Commerce in New Orleans to comply with the judgment of possession by surrendering the savings account to the heirs. A sus-pensive appeal from this judgment was timely perfected by the bank on September 11, 1972.
The above proceedings constitute the record for the purpose of this appeal.
Subsequently, on September 20, 1972, Mary Louise Hudson filed a petition to reopen the succession of Augustine Johnson, seeking to be appointed administratrix of the estate and also challenging the right of heirship of Eddie J. Hamilton and the estate’s ownership of the savings account. On the same date the district court signed an order appointing the petitioner adminis-tratrix of the estate and further decreeing as follows:
“Let the judgment of possession entered by this court sending Eddie J. Hamilton and Mary Louise Hudson into possession of the estate of the decedent be recalled and set aside during the pen-dency of this administration.” (Emphasis ours.)
It is this order which mover contends makes the appeal moot.
In opposition to the motion, appellant submits that if the suspensive appeal is dismissed, the judgment on the rule which ordered it to pay over the funds on deposit immediately becomes executory and enforceable, thereby depriving the bank of the right to have the merits of its exception adjudicated.
At the outset it should be observed that a consideration of the motion does not involve the merits of the appellant’s excep *166 tions, and for this reason we do not consider them.
A simple placing in possession of an estate is an ex parte proceeding, summary in character, designed to expedite recognition of the rightful heirs and to obtain for them their rightful inheritance. Any process which unreasonably delays or retards the swift accomplishment of these objectives subverts the very purpose of an ex parte proceeding.
In this matter the judgment on the rule rendered again t appellant arose from its refusal to honoi a prior judgment of possession by surrendering the assets of the decedent to the heirs recognized therein. The suspensive appeal taken from this adverse judgment effectively divested the trial court of further authority over the judgment on the rule. Though the judgment of possession was subsequently recalled and set aside and an administration of the estate granted, the trial court, even if it wanted to take a similar action in connection with its judgment on the rule, could not do so because the bank’s suspen-sive appeal deprived it of jurisdiction. This existing judgment on the rule now stands in contradiction to the later actions of the court in recalling the judgment of possession and in granting an administration. The trial court, for the want of jurisdiction, is powerless to effect a rescission of the conflicting judgment on the rule.
To compel the administratrix and/or heirs to await the outcome of our determination of the merits of appellant’s appeal would unconscionably delay and defeat the purpose of the summary nature of the succession proceedings. We are of the opinion that a remand would more effectively serve the purpose of protecting the interest of all parties concerned and simultaneously permit the trial court to reevaluate its judgment against the bank in view of its subsequent action of recalling the judgment of possession.
Appellant submits that a dismissal of its appeal would render such judgment execu-tory and it would be compelled to deliver the savings account to the heirs or be subject to contempt. We would agree with this contention were we to unequivocally dismiss this appeal. However, a motion to remand for the purpose of permitting the trial judge to review the offending judgment in the light of the status of the matter as it now exists would not produce the effect of a dismissal.
 We are mindful of the jurisprudence that on appellate review the court can only consider the case in the situation which is presented by the record and that we cannot take cognizance of any post-appeal occurrences or judicial action, nor can these serve as the basis for a contested motion to dismiss. However, to serve the ends of justice, we do possess the authority to remand for the purpose of making the record whole so as to pass upon the merits and viability of all issues raised by the appeal.
Nothing herein shall deprive the appellant of the right to assert any defenses to, or question the validity of, any of the proceedings forming part of this case.
For these reasons it is ordered that this matter be remanded to the district court for further proceedings consistent with the views herein expressed. All costs of this appeal are to await the final disposition.
Remanded.
REDMANN, J., dissents with written reasons.