SANDERS, Chief Justice.
The Civil District Court for the Parish of Orleans rendered an exparte judgment in this proceeding on July 31, 1972. The judgment recognized Eddie J. Hamilton and Mary Louise Hudson as the sole heirs of Augustine Johnson and placed them into possession of Savings Account No. HO-111367 in the. First National Bank of Commerce in New Orleans. Ownership of the account was established by the usual sworn descriptive list.
The heirs then made demand upon the bank for delivery of the account. When the bank rejected this demand, the trial court, upon motion of the heirs, issued a rule nisi ordering the bank to show cause why it should not comply with the judgment.
The bank filed an exception to the rule, attacking it as an unauthorized use of summary procedure. The district court, holding that the issue was incidental to the pending succession proceeding (see LSA-C.C.P. Art. 2592), overruled the exception and ordered compliance.
The bank perfected a suspensive appeal. While this appeal was pending, however, the district court set aside the original judgment of possession and reopened the succession. The appellees filed a motion in the Court of Appeal to remand the case or dismiss the appeal as moot, attaching a certified copy of the district court judgment setting aside the judgment of possession. The Court of Appeal, 278 So.2d 164, remanded the case to the trial court without ruling upon the issue presented and without setting aside or affirming the judgment ordering the bank to pay the fund at issue to the heirs.
We granted certiorari.
In this Court, as in the Court of Appeal, it is conceded that the district court has set aside the judgment of possession.
The action of the district court setting aside the judgment of possession has legal consequences as to the order against the bank to deliver the account. The order under review here was dependent upon the judgment of possession recognizing the *242 heirs of Augustine Johnson. When that judgment was set aside no basis remained for the delivery of the account. This being true, the order should have been vacated, so as to relieve the bank of any obligation under it.
In view of this conclusion, we do not reach the further question raised by the bank as to the propriety of the summary proceedings.
For the reasons assigned, the judgment of the Court of Appeal is reversed and the order directed to the First National Bank of Commerce to deliver the proceeds of Savings Account No. HO-111367 to Eddie J. Hamilton and Mary Louise Hudson is vacated and set aside. All costs in the appellate courts are taxed against Eddie J. Hamilton and Mary Louise Hudson.
MARCUS, J., recused.