LOBRANO, Judge.
This appeal arises out of a suit for partition of the former community of acquets and gains which existed between appellee Dr. Charles L. Brown, Jr. and his first wife, appellant Mary Howard McLaughlin.
Appellant and appellee were divorced in a separate proceeding in the Civil District court for the Parish of Orleans, State of Louisiana by judgment dated May 29, 1975. Appellee filed the instant partition suit six months later. A special note is made that this appeal is limited to the subject matter of that partition suit only. Appellant attempts to interject other issues including alimony, child support, custody and fault in the divorce all of which are irrelevant to the partition of the community. This Court in an order dated April 14, 1983 already recognized that a large portion of appellant’s arguments are totally irrelevant to the issues on appeal. Accordingly this court will address only the relevant issues concerning the partition proceeding.
In his suit for partition, appellee filed a descriptive list and valuation of community property and a subsequent amendment thereto. Also included was a list of all community obligations. Although appellant answered the partition suit she never traversed appellee’s descriptive lists or his lists of debts and assets, nor did she ever file any opposing lists.
On November 19, 1981, a partial consent judgment of the parties was signed recognizing their agreement to list for private sale the major asset of the former community, the family home at 296 Audubon Boulevard in New Orleans, Louisiana. An offer of $175,000.00 cash was accepted by both parties and the sale took place on March 12, 1982. In addition to normal closing costs, the closing notary paid a number of judgments and liens recorded against appellant for separate debts incurred by her after the divorce. Also, both parties agreed that a large community debt owed to the Whitney National Bank be paid to stop the continued accrual of interest. After these payments, there remained net proceeds from the sale of the house in the amount of $26,236.48. However, prior to the sale, appellant’s former attorneys, Tucker and Schonekas, filed a lien of public record claiming that out of the community they were entitled to payment of $19,850.70 in attorney fees. Appellee opposed this claim on the grounds that Tucker and Schonekas were retained only by appellant after the divorce and subsequent to the dissolution of the community.
As a result of this lien, the closing Notary deposited the sum of $19,850.70 in the registry of the Civil District Court by way of a concursus. Tucker and Schonekas filed an intervention in this partition proceeding asserting their claim.
Trial on the merits was held April 1,1982. Both appellant and appellee were represented by counsel. During the course of the trial, seven exhibits were jointly offered and introduced into evidence pertaining to various community debts, assets and their values. One such exhibit was entitled “accounting”. This “accounting” contained a breakdown and analysis of the allocation between the parties of the expenses and debts that should be paid from the sale proceeds as well as the division of other community debts and obligations. The trial court rendered judgment April 30, 1982, which judgment provided:
1) the intervention of Tucker and Schonekas for attorney fees was dismissed at their costs;
2) the descriptive lists and valuation of community property filed in the record by appellee were sustained and approved;
*1171 3) the list of community debts filed in the record by appellee were sustained;
4) the “accounting” filed as a joint exhibit by appellant and appellee was approved;
5) that appellee be entitled to the balance of the funds remaining from the sale of the family home;
6) Appellee is responsible for and must pay, out of these proceeds $7,000 to Mrs. Charles L. Brown, Sr., $300.00 for appraisal fees and $900.00 for insurance.
Receipts evidencing payment of these debts was ordered filed in the record, and appellant was released and discharged from any further obligation, liability and responsibility for the above debts.
Based on the joint exhibits and other evidence introduced at trial, it was found that appellant’s indebtedness with respect to the former community exceeded her interest. Appellee’s rights with respect to appellant’s deficit were reserved in the judgment. This appeal followed.
As best that can be ascertained from appellant’s brief it appears that her complaints before this court constitute an objection to:
1) the distribution of the proceeds from the sale of the family home and;
2) a review of the community assets that were divided.
At no time in her arguments before this court does appellant specify any particular error made by the trial court in rendering its judgment. Thus we have carefully reviewed the evidence and testimony introduced at trial and we find no manifest error in the ruling of the trial court. Canter v. Koehring, 283 So.2d 716 (La.1973).
Appellant never opposed or refuted the evidence presented at trial. No traversal was ever filed by her with respect to the descriptive lists of community property, debts and assets filed by appellee. Those portions of appellants brief which purport to pertain to the trial of the partition almost entirely constitute an effort by appellant to add new testimony and documentation to the record which were never before the trial court. This court is bound to review a case only on the record. No new evidence or testimony can be added to the record at the appellate level. Capital Bank and Trust Co. v. Lacey, 393 So.2d 668 (La.1980); Good v. Louisiana Commission on Governmental Ethics, 370 So.2d 123 (La.App. 1st Cir.1979); Succ. of Johnson, 278 So.2d 164 (La.App. 4th Cir.1973).
The “accounting” and other exhibits relied upon by the trial court in rendering its judgment were not exhibits of appellee but joint exhibits of both parties. The “accounting” sets forth in detail the correct division of the assets and credits of the former community and the allocation between the parties of all the pertinent debts and obligations pertaining to those assets and credits. Appellant, at no time, before or during the trial offered her own accounting to refute that of appellee. In addition to the accounting being offered as a joint exhibit, the testimony at the trial substantiates the contents of the “accounting”.
Appellant admitted during her testimony that she was solely responsible for the many judgments and debts attributable to her. Those debts which she did question, she failed to offer any proof to the contrary. Her only defense was that she could not remember if they were incurred during the existence óf the community or after its dissolution. It is basic to the laws of evidence that a party is bound by the evidence both testimonial and documentary which he or she introduces at trial. Appellant cannot now complain as to the contents of the exhibits she joined in introducing. Any opposition which appellant may have had to the evidence presented at trial had to be presented during the trial or prior thereto. Breeden v. Breeden, 147 So. 757 (La.App. 1st Cir.1933); Rush v. Sterkx, 47 So.2d 344 (La.App. 2nd Cir.1950); Madison v. Orleans Datsum, 405 So.2d 350 (La.App. 4th Cir.1981).
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.